IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS E. MORIARTY, | ) | |
| Plaintiff, | ) | 8:04CV330 |
| v. | ) | |
| CAPITAL MANAGEMENT SERVICES, INC., | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 24. The plaintiff filed this lawsuit alleging that defendant violated the Federal Debt Collection Practices Act (FDCPA),15 U.S.C. § 1692 *et seq.,* by failing to provide him with verification of the debt he allegedly owed. Filing No. 21, Amended Complaint. Defendant moved to dismiss contending that plaintiff's allegations do not state a claim for which relief can be granted. Further, defendant moves to strike, Filing No. 29, the affidavits, Filing No. 27, Attachments 1-3, that have been submitted by the plaintiff in opposition to the motion to dismiss. I have carefully reviewed the record, the briefs, the indices of evidence and the relevant case law. I conclude that defendant's motion to strike the affidavits is denied, and defendant's motion to dismiss is denied.

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which

would entitle him to relief.  *Id.*  Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.  *Id.*

Defendant, a resident of New York, is a debt collector doing business in the State of Nebraska.  On April 23, 2004, plaintiff received a letter from the defendant indicating that he owed a personal debt in the amount of $10,663.78.  Filing No. 21, Ex. A.  On April 30, 2004, counsel, on behalf of the plaintiff, sent a letter to the defendant informing defendant that this account is disputed.  Plaintiff further requested that defendant cease collection efforts against him.  Filing No. 21, Ex. B.  On May 4, 2004, defendant sent a letter to plaintiff's counsel indicating that verification of the debt had been requested.  To date, such verification has not been received by the plaintiff.  The May 4th letter, sent after the letter from counsel telling defendant to cease and desist, contains language stating: "This is an attempt to collect a debt; any information obtained will be used for that purpose.  This communication is from a debt collector."  Filing No. 21, Ex. C.  The May 4th letter further states: "Our representatives are trained to offer assistance regarding this ***obligation***."  *Id.* (emphasis added).

Pursuant to the FDCPA, 15 U.S.C. § 1692g(a)(4), the debt collector is required to obtain verification of the debt if the consumer notifies it of a dispute.  A copy of such verification must be mailed to the consumer by the debt collector.  *See* 15 U.S.C. § 1692g(a)(4).  The debt collector must cease all collection activity until the collector obtains verification of the debt.  *Id.* at § 1692g(b).

Plaintiff contends that the letter of May 4th continued the debt collection and that defendant has failed to provide the required verification.  In addition, contends plaintiff,

2

defendant has not notified plaintiff that it is no longer collecting the debt, even as of this date. The FDCPA is a remedial consumer protection statute and must be "viewed through the eyes of the unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). However, the letter in question was sent to the plaintiff's lawyer, not to an unsophisticated consumer. The law does not require the same degree of protection for the lawyer. *Dikeman v. National Educators, Inc.*, 81 F.3d 949 (10th Cir. 1996). I find the May 4th letter to be somewhat ambiguous. The defendant states that it is going to obtain verification and will supply the plaintiff with a copy of the same, which has not yet occurred, and then in the same letter it refers to plaintiff's "obligation" as though collection is still being pursued. Further, defendant has offered no evidence that it attempted to validate the claim or that it provided plaintiff with a copy of claim validation or lack thereof as represented in the May 4th letter. Viewing the facts in the light most favorable to the plaintiff, I find that the complaint has stated a claim upon which relief can be granted. I find that the plaintiff should be permitted to continue with this case and conduct his discovery.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to strike, Filing No. 29, is denied; and

2. Defendant's motion to dismiss, Filing No. 24, is denied.

DATED this 24th day of August, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE